1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  MARJA-LIISA OVERBECK (CABN 261707)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6809
7       FAX: (415) 436-7234
        mari.overbeck@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) **CASE NO. CR 20-0046 CRB** |
|---|---|
| Plaintiff, | ) **[PROPOSED] DETENTION ORDER** |
| v. | ) |
| JOHAN ZELAYA, | ) |
| Defendant. | ) |

On February 4, 2020, defendant Johan Zelaya aka Johan Zelaya-Archaga was charged by indictment with possession of controlled substances with intent to distribute, in violation of Title 18 United States Code Section 841(a)(1) and (b)(1)(C).

This matter came before the Court on February 24, 2020 for a detention hearing. The defendant was present and represented by Sophia Maria Whiting, Esq. Assistant United States Attorney Marja-Liisa (Mari) Overbeck appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant

must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, including because (1) the defendant has a history of violating conditions of release, including the unauthorized removal of a GPS ankle monitor; (2) at the time of his arrest, and after having cut off his GPS ankle monitor, the defendant fled from police custody in a foot chase that took place on Mission Street in San Francisco, California; (3) the defendant has spent more of his life in Honduras, which is where his parents and siblings—with whom the defendant maintains regular contact—currently reside; and (4) the defendant currently resides at an unknown address in Oakland, California. These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: February 25, 2020

_____
HON. JOSEPH C. SPERO
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR 20-0046 CRB

2